UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAVIER URQUIDEZ,<br><br>　　　　　　　　　　　Plaintiff,<br><br>v.<br><br>HYATT CORPORATION, et al.,<br><br>　　　　　　　　　　　Defendants. | Case No.: 3:24-cv-01975-CAB-MMP<br><br>**ORDER DENYING MOTION TO REMAND**<br><br>[ECF No. 10] |

Plaintiff has moved to remand this case to state court. [ECF No. 10.] The key question for this Court is whether the removal is proper on diversity grounds. The Court finds that it is and denies Plaintiff's motion to remand.

I.　　BACKGROUND

Plaintiff filed this case in state court, suing his former employer Hyatt Corporation and, as relevant to the diversity calculus, an individual named Mr. Derek Whitbread. [ECF No. 1-2 at 7.] Plaintiff alleged several state and common law causes arising from a claimed pattern of sexual harassment. [ECF No. 1-2 at 8–10.]

There is no question that Defendant Hyatt, a nonresident of the forum state, timely removed after being served. Plaintiff argues (1) that diversity jurisdiction does not exist since Defendant Whitbread (alleged to be a California citizen) is a party to this case, and

(2) that Defendant Hyatt has failed to show that the amount in controversy exceeds $75,000.

## II.     ANALYSIS

**1. Defendant Hyatt's "Snap Removal" Was Proper**

"[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants." 28 U.S.C. § 1441(a). District courts "shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States . . . ." 28 U.S.C. § 1332(a)(1). In general, "[t]he removal statute is strictly construed against removal jurisdiction, and the burden of establishing federal jurisdiction falls to the party invoking the statute." *California ex rel. Lockyer v. Dynegy, Inc.*, 375 F.3d 831, 838 (9th Cir.), *opinion amended on denial of reh'g*, 387 F.3d 966 (9th Cir. 2004). An action removable solely on diversity grounds under 28 U.S.C. § 1332(a) "may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b)(2).

"Snap removal" refers to a properly served defendant's removal of a multi-defendant case to federal court prior to a plaintiff's service of a non-diverse defendant. This practice is not without controversy. *See, e.g.*, *Goodwin v. Reynolds*, 757 F.3d 1216, 1221 (11th Cir. 2014) (discussing whether snap removal encourages gamesmanship). The Ninth Circuit has expressly reserved ruling on its propriety. *See Casola v. Dexcom, Inc.*, 98 F.4th 947, 965 (9th Cir. 2024) ("[T]he final chapter on snap removals in the Ninth Circuit remains to be written"). But the circuit court nevertheless has placed some limits on the practice (which are not relevant here). *See id.* (disallowing "ever-snappier" removals by requiring defendants to wait until the complaint has been "officially filed" in the state court).

Defendant Hyatt removed this case but did so before Defendant Whitbread could be served. Plaintiff concedes that only Defendant Hyatt—which is not a California resident—has actually been served. Indeed, Plaintiff makes this clear: he has made multiple failed

attempts at serving Defendant Whitbread. [*See* ECF No. 10-1 at 12–13.] The first issue for the Court is whether Defendant Hyatt's removal prior to the service of Defendant Whitbread was proper.

The text of the removal statute makes clear that a case may not be removed if any of the parties in interest "*properly* joined and served as defendants" are residents of the citizen of the state in which the action is brought. 28 U.S.C. § 1441(b)(2) (emphasis added). "It is well established that when the statute's language is plain, the sole function of the courts – at least where the disposition required by the text is not absurd – is to enforce it according to its terms." *Lamie v. U.S. Tr.*, 540 U.S. 526, 534 (2004) (internal quotes and citations removed). Defendant Whitbread, an alleged California resident, still has not been served. As the non-diverse Defendant Hyatt is the only Defendant to be "properly" served, this Court finds that the removal does not offend the Court's exercise of diversity jurisdiction.

Plaintiff argues that (1) he has made good faith efforts to serve Defendant Whitbread without any luck, and (2) that Defendant Hyatt knows Defendant Whitbread's whereabouts but has deliberately withheld that information. First, the text of the statute forecloses Plaintiff's good faith argument: for purposes of weighing actual diversity on removal, a defendant must be properly served. 28 U.S.C. § 1441(b)(2). And second, Plaintiff points to no legal principle that requires Defendant Hyatt to voluntarily disclose Defendant Whitbread's location (or facilitate service upon him).

The Court finds that Defendant Hyatt appropriately effectuated removal.

**2. Defendant Hyatt Has Presented Evidence of the $75,000 Threshold to Maintain A Lawsuit in Diversity**

Plaintiff argues that Defendant Hyatt has not presented evidence that Plaintiff's claim exceeds $75,000 to meet the amount in controversy requirement. *See* 28 USC § 1332(a). It is Defendant's burden to do so. *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996).

The Court is satisfied that Plaintiff's complaint meets this jurisdictional threshold. Defendant Hyatt provides the Court with a sworn declaration showing that damages for

Plaintiff's past earnings alone would reach at least $67,572.64. [ECF No. 1-2 at 50–51.] Additional damages in the form of future earnings, mental/emotional distress damages, and punitive damages—all of which are sought in the operative complaint ([*See* Compl., ECF No. 1-2 at 6–35, ¶¶ 25, 27, 164])—would reasonably push the amount in controversy over $75,000. *See, e.g., Gibson v. Chrysler Corp.*, 261 F.3d 927, 946 (9th Cir. 2001) (potential punitives may be considered in calculating the amount in controversy).

### III.   CONCLUSION

Plaintiff's motion to remand, [ECF No. 10], is denied. Should the addition of a properly served defendant threaten the Court's exercise of diversity jurisdiction, the Court will address any arguments related to sham defendants at that juncture.

It is **SO ORDERED**.

Dated:  January 14, 2025

_____
Hon. Cathy Ann Bencivengo
United States District Judge